UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN, | No. C 14-2426 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| K. CHAPPELL, Warden; et al., | |
| _____ / | |

## INTRODUCTION

Jimmie Stephen, an inmate at San Quentin State Prison, commenced this action by filing a petition for writ of habeas corpus which is rather garbled but appears to concern his medical care in prison and possibly the correctness of a ruling by the Ninth Circuit in an earlier appeal filed by Stephen. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. The court will dismiss this action without prejudice to Stephen filing a civil rights action. This order first addresses Stephen's motion for recusal of the undersigned.

## DISCUSSION

A.   Recusal Motion

When he filed his petition for writ of habeas corpus, Stephen also filed a "motion request, affidavit, for 'mandatory' disqualification 'recusal'.. 28 USC '144,' 455." (Docket # 3)

1    (punctuation errors in original). The motion seeks the recusal of the undersigned for bias based
2    on rulings in an earlier case filed by Stephen. The undersigned evaluates the motion bearing in
3    mind the rule that, absent a legitimate reason to recuse herself, a judge has a duty to sit in
4    judgment in all cases assigned to that judge. *United States v. Holland*, 519 F.3d 909, 912 (9th
5    Cir. 2008).

6    Recusal is the process by which a federal judge may be disqualified from a given case.
7    Motions to recuse a district judge are governed by two statutes, 28 U.S.C. § 144 and § 455.
8    Section 144 provides for recusal of the judge before whom a matter is pending upon the filing
9    by a party of a "sufficient affidavit that the judge . . . has a personal bias or prejudice either
10   against him or in favor of any adverse party." Section 455 also provides grounds for
11   disqualification, and requires a judge to disqualify herself in any proceeding in which her
12   impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a).

13   The first matter to consider is whether the undersigned "[i]s a party to the proceeding,"
14   because that would require recusal. *See* 28 U.S.C. § 455(b)(5)(i). The recusal motion (sent to
15   the court with the petition for writ of habeas corpus) has a case caption of "Jimmie Stephen,
16   plaintiff, v. Judge S. Illston, et al. defendants." Docket # 3 at 1. The court does not understand
17   the undersigned to be a party to this action for the following reasons. A recusal motion alone
18   would not suffice to commence an action in federal court; such a motion can only be made in
19   the context of an existing civil action or action for writ of habeas corpus. *See generally* Fed.
20   R. Civ. P. 2 ("There is one form of action – the civil action"); Fed. R. Civ. P. 3 ("A civil action
21   is commenced by filing a complaint with the court"); 28 U.S.C. § 2242 (applications for writ of
22   habeas corpus). The action to which Stephen's recusal motion pertains is the habeas action
23   opened for the petition for writ of habeas corpus that came in the same envelope with the recusal
24   motion. Thus, the recusal motion is understood to be a motion to be considered in the habeas
25   action. The undersigned is not a party to the habeas action: the petition for writ of habeas corpus
26   does not list the undersigned as a respondent and the petition does not contain any allegations
27   about the undersigned. Section 455(b)(5)(i) does not require recusal because the undersigned
28   is not a party to the proceeding.

2

The other matter to consider is whether Stephen has shown bias that requires recusal or referral to another judge to rule on the motion. He hasn't. As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976). Stephen's recusal motion does not meet the legal sufficiency requirement of § 144 because the allegations of bias are conclusory. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566-67 (9th Cir. 1995) (affidavit inadequate when based on conclusory allegations of bias); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988) (district judge correctly rejected disqualification motion as legally insufficient and had no duty to refer it to another judge because the alleged bias or prejudice did not arise from an extrajudicial source). It is not sufficient to simply urge that a judge is biased because she has ruled against the litigant in another action; it is incumbent on the party seeking recusal to how an adverse ruling reflects bias, and Stephens has not done so. It is well-established that actions taken by a judge during the normal course of court proceedings are not a proper ground for disqualification – and Stephen's complaints are of just this sort, as he complains about the rulings in an earlier action he filed. Judicial rulings alone may constitute grounds for appeal, but almost never constitute a valid basis for a bias or impartiality motion. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (court's adverse rulings are not an adequate basis for recusal); *Toth v. TWA, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988) (same). Stephen's recusal motion must be rejected for the additional reason that he did not provide a sworn statement or a declaration signed under penalty of perjury. The recusal motion is DENIED. (Docket # 3.)

B.      Review of Petition

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v.*

3

*McDonough*, 547 U.S. 574, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*

Where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). In addition, the preferred practice in the Ninth Circuit has been that challenges to conditions of confinement be brought in a civil rights complaint. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint).

In this action, Stephen challenges the adequacy of his medical care in prison.[1] The petition does not attempt to challenge either the fact of his conviction or the length of his sentence. Rather, it goes entirely to the conditions of his confinement, and success in this action would not result in his release from prison nor shorten his stay in prison. Stephen's claims must be pursued in a civil rights action if they are to be pursued in federal court. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1038-39 (10th Cir. 2012) (federal prisoner's challenge to transfer to ad-seg must be brought pursuant to *Bivens*, rather than as a habeas action).

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983, *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used

---

[1] Stephen's petition for writ of habeas corpus has 60+ pages of exhibits. The exhibits include the Ninth Circuit's order dismissing his appeal from the judgment in *Stephen v. Reyes*, Case No. C 12-3722 SI, as "so insubstantial as to not warrant further review," Docket # 1-1 at 2. The reason why Stephen attached to his habeas petition some materials from an earlier case and appeal is not clear. What is clear, however, is that this court has no authority to review of a decision of the Ninth Circuit. That court's mandate has issued, and this court "cannot vary it or examine it for any other purpose than execution." *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895). Stephen cannot seek further review of the Ninth Circuit's decision (or the underlying decision in Case No. C 12-3722 SI) by filing a new petition for writ of habeas corpus, nor can he simply start over and relitigate the same case he already lost.

4

by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief. Additionally, there is doubt whether the prisoner is willing to pay the civil action filing fee of $ 350.00 (plus a $50.00 administrative fee) rather than the $5.00 habeas filing fee to pursue his claims. The habeas versus civil rights distinction is not just a matter of using different pleading forms. A habeas action differs in many ways from a civil rights action: (1) a habeas petitioner has no right to a jury trial on his claims, (2) the court may be able to make credibility determinations based on the written submissions of the parties in a habeas action, (3) state court (rather than administrative) remedies must be exhausted for the claims in a habeas action, (4) the proper respondent in a habeas action is the warden in charge of the prison, but he or she might not be able to provide the desired relief when the prisoner is complaining about a condition of confinement, and (5) damages cannot be awarded in a habeas action. While a prisoner may think he has found a loophole that allows him to save hundreds of dollars – by filing a habeas petition with a $5.00 fee rather than the usual $350.00 fee (plus $50.00 administrative fee) for a civil action – the loophole proves unhelpful because he ultimately cannot proceed in habeas and will be charged the regular civil action filing fee to challenge conditions of confinement. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

## CONCLUSION

For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED without prejudice to Stephen filing a civil rights action under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form.

5

1   Stephen's application for an extension of time to file his *in forma pauperis* application is
2  GRANTED.  (Docket # 2.)
3   The clerk shall close the file.
4   IT IS SO ORDERED.
5  Dated: June 2, 2014

_____
SUSAN ILLSTON
United States District Judge